IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE:

CARLOS JEMISON             )   CIVIL ACTION NUMBER
                           )
30634-004                  )   00-C-1056-E
                           )

**MEMORANDUM OPINION DENYING**
**MOTION FOR AUTHORIZATION**

Carlos Jemison is an inmate at the Federal Correctional Center at Talladega, Alabama, serving a twelve-year sentence. He is currently on a hunger strike, protesting the Bureau of Prison's refusal to assign him to another institution. For the past three days, Jemison has refused to drink fluids or to eat food. Dehydration has already set in.

There is no allegation that Jemison's mental capacity is in any way compromised. Put another way, he apparently knows what he is doing.

Fearful that in the absence of "daily force feeding and IV rehydration," Jemison will shuffle off this mortal coil, the United States has moved *ex parte* for an order authorizing the Bureau of Prisons to nonconsensually feed and to provide nonconsensually medical treatment to Jemison. Declaration of Luis Berrios, p.3.

This court declines to grant the relief requested.



I

Firmly embedded in American jurisprudence is the notion that informed consent is a bedrock requirement for medical treatment. The logical corollary of the doctrine of informed consent is the common law and constitutional privacy right of the patient to refuse medical treatment, albeit life-sustaining. *In re Quinlin*, 355 A.2d 647 (N.J.1976); *Superintendent of Belchertown State School v. Saikwicz*, 370 N.E.2d 417 (Mass.1977).

Prisoners possess a significant liberty interest in avoiding the unwanted administration of medication. *Washington v. Harper*, 494 U.S. 210 (1990). And they have a general liberty interest in refusing medical treatment. *Vitek v. Jones*, 445 U.S. 480 (1980). In passing on the constitutional validity of a Missouri statute requiring clear and convincing evidence of an incompetent's wishes prior to the withdrawal of life-sustaining treatment, the United States Supreme Court assumed a constitutional right to refuse lifesaving hydration and nutrition. *Cruzan v. Director, Missouri Dept of Health*, 497 U.S. 261, 273 (1989). The assumption was premised on the logic of earlier cases decided by that court. *Id*.

In this case, the United States has advanced two toothless tigers as compelling reasons for its requested intrusion into the liberty interests of Jemison. First, it says that Jemison's hunger strike jeopardizes his life. That much is a given. The question is whether Jemison's liberty interests are outweighed by some compelling interest of the Bureau of Prisons. Second, the United States maintains that Jemison's hunger strike may compromise the security of the Talladega Correctional Facility:

> The death of Mr. Jemison as a result of a hunger strike will seriously endanger the security and good order of this institution. ...There is the real possibility that if Mr. Jemison were to die as a result of a hunger strike, his death might cause considerable unrest among other inmates housed at FCI Talladega which would compromise the security of the institution.

Declaration of Warden R. Wiley, p.2. Saying it does not make it so. There is no evidence offered in support of the Warden's conclusions. In short, the United States has shown no sufficiently compelling interest which outweighs Jemison's liberty interest in his person.

II

If Jemison were a free man, outside the confines of prison walls, his right to engage in a hunger strike would not be challenged. What Mr. Justice Brandeis and other respectable jurists view as the most precious constitutional right - the right to be let alone - would be respected by the various government agencies. Indeed, hunger strikes are a well-recognized and, at last by some, respectable means of social protest.

In the absence of some compelling federal penological interest, the fact of Jemison's incarceration is insufficient to justify the invasion of his liberty interest in refusing treatment.

By separate order, the Motion for Authorization will be denied.

DONE this _____24th_____ day of April, 2000.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON